# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CR-0106-002-CVE |
| | ) | (19-CV-0094-CVE-JFJ) |
| KRISTINA JEAN KOEHN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On February 19, 2019, defendant Kristina Jean Koehn, a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 48). Section 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

### I.

On October 2, 2017, a grand jury returned a sealed indictment charging defendant with conspiracy to engage in sexually explicit conduct with a minor (count one), knowingly distributing visual depictions of a minor engaging in sexually explicit conduct (count two), and knowingly possessing and accessing, with intent to view, visual depictions of a minor engaging in sexually explicit conduct (count four). Dkt. # 2. Defendant was arrested and made her initial appearance on October 12, 2017. Dkt. # 19. Defendant was found to be indigent, and the Court appointed an attorney to represent her. Dkt. # 20.

The facts defendant admitted to in defendant's plea agreement and petition to enter plea of guilty are as follows. Defendant was in a relationship with Chance Hood from in or about June 2017 through on or about July 26, 2017. Dkt. # 35, at 7; Dkt. # 37, at 8. During that time, they discussed producing sexually explicit photographs of defendant's then four-year-old daughter. Dkt. # 35, at 7. They agreed that defendant would take photographs of her child and send them to Hood "for his sexual gratification." Id.; Dkt. # 37, at 8. Defendant used her cellular telephone, which had been shipped and transported in and affecting interstate commerce to produce the sexually explicit videos. Id. She intended for her child to engage in sexually explicit conduct. Id.

Defendant stated that her attorney thought that she is competent and she did not agree. Dkt. # 37, at 2. She claimed to have a learning disability that caused her to read at a second grade level, and that she "can't comprehend stuff[,] mom says I am slow, [and] mom [is the] guardian of me." Id. at 4. Additionally, she claimed that she has "trouble making decisions on [her] own. [Her] mom says that [she is] a kid in an adult body." Id. at 9. However, she indicated in the petition to enter plea of guilty that she understood the facts of her case, that her sentencing range if she went to trial would be a minimum of fifteen years in prison and a maximum of thirty years in prison, and that she would be sentenced to twenty years in prison if the Court were to accept her guilty plea. Id. at 2-4. In addition, during the plea colloquy, defendant stated that she graduated from high school and can read and write in English. Dkt. # 54, at 7-8. She stated that she had been in the special education classes during high school. Id. at 8-9. The Court found that "certainly, based upon [its] conversation with [her], [she is] alert, intelligent, and certainly seem[s] to be understanding [the Court's] questions." Id. at 9. Defendant responded that she understood some questions, but not others. Id. The Court then asked if defendant would inform it if she did not understand any of the Court's

questions and defendant responded that she would do so. Id. Defense counsel, when asked, stated that defendant had assisted in preparing her defense and was competent to proceed with her guilty plea. Id. at 9-10. The Court then went over defendant's medications, and defendant indicated that she was having a difficult time relating to and getting along with others in jail. Id. at 10-11. The Court then found that

> based upon [the Court's] colloquy with the defendant, including the discussion of her learning disability and the medication she takes, the [C]ourt finds that the defendant is alert, clear, responding appropriately to [the Court's] questions, and certainly seems to understand the nature of the proceedings, and is able to communicate with her attorney in her defense, and the [C]ourt finds that the defendant is currently competent to plead.

Id. at 12.

The plea agreement signed by defendant contained an appellate and post-conviction waiver, wherein defendant agreed, inter alia, to knowingly and voluntarily waive the right to "collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel." Dkt. # 35, at 3. She "expressly acknowledge[d] that counsel ha[d] explained her appellate and post-conviction rights; that the defendant underst[ood] her rights; and that the defendant knowingly and voluntarily waive[d] those rights as set forth above." Id. Defendant signed and acknowledged that

> I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

3

Id. at 16. Defendant also signed a petition to enter a plea of guilty, which states that, "I believe that my attorney has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP . . . HE HAS GIVEN ME." Dkt. # 37, at 4 (emphasis in original). At the change of plea hearing, defendant acknowledged that no one had forced her to plead guilty and that she was pleading guilty of her own free will because she is guilty. Dkt. # 54, at 14-15. Defendant acknowledged that she was waiving her right to collaterally attack her conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel. Id. at 22. Defendant was advised of the charges against her, and she admitted that she understood the charge to which she was pleading guilty. Id. at 27-28.

On November 15, 2017, defendant pleaded guilty to count one only. Dkt. ## 35-37. Defendant pleaded not guilty to counts two and four (Dkt. # 37), and those charges were dismissed at sentencing. The pre-sentence report (PSR) reflected that defendant's statutory term of imprisonment was a minimum of fifteen years and a maximum of thirty years. PSR, at ¶ 40. Under the sentencing guidelines, the offense involved a child under the age of twelve and commission of a sexual act, and defendant was a parent of the victim. The calculated advisory guideline range was life imprisonment; however, because her statutory maximum was thirty years, her advisory guideline range was 360 months. Id. at ¶¶ 12-25, 41. At sentencing, on February 22, 2018, the Court accepted the Rule 11(c)(1)(C) plea agreement and imposed the agreed upon twenty-year sentence. Dkt. # 45. Judgement was entered on February 23, 2018 (Dkt. # 47) and defendant did not appeal the conviction or sentence.

## II.

Broadly construing defendant's § 2255 motion, she may be asserting the following claims:

- defense counsel coerced defendant to plead guilty, thus providing ineffective assistance of counsel (Dkt. # 48, at 4);

- the Court gave disparate sentences between defendant and Hood (id. at 5);

- plaintiff failed to prove the intent necessary for conspiracy (id. at 6); and

- plaintiff was aware of defendant's mental issues, but proceeded to convict defendant anyway (id. at 8).

**i.**

As to defendant's second, third, and fourth claims, plaintiff argues that all were waived in the plea agreement and at the change of plea hearing. See United States v. Morrison, 415 F. App'x 860, 862 (10th Cir. 2011) ("[A]ll claims other than the ineffective assistance of counsel claim . . . fall within the scope of [the] waiver.").[1] Although defendant asserts that all of her claims are based on ineffective assistance of counsel, the Court finds otherwise as to claims two through four. Claim two involves defendant's sentence. Claim three involves defendant's mens rea at the time of the offense. Claim four involves alleged prosecutorial misconduct. In defendant's plea agreement, she stated that she "waive[d] the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel." Dkt. # 35, at 3. Defendant signed her name and initialed under this statement, and she "expressly acknowledge[d] that counsel ha[d] explained her appellate and post-conviction rights; that [she] underst[ood] her rights; and that [she] knowingly and voluntarily waive[d] those rights . . . ." Id. Under oath at the change of plea hearing, defendant responded in the affirmative that she "underst[ood] that [she is] knowingly and voluntarily agreeing to waive the right to collaterally attack [her] conviction and sentence pursuant

---

[1] This decision is not precedential, but may be cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

to 28 U.S.C. § 2255 except for claims of ineffective assistance of counsel." Dkt. # 54, at 22. And she acknowledged that she waived that right knowingly and voluntarily. Id. at 22. Thus, defendant cannot assert claims two through four if her waiver of collateral attack under § 2255 for claims other than ineffective assistance of counsel is valid.

To determine whether a waiver is valid, a court must "determine: (1) whether the disputed [collateral attack] falls within the scope of the waiver . . . ; (2) whether the defendant knowingly and voluntarily waived his [collateral attack] rights; and (3) whether the waiver would result in a miscarriage of justice." United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam) (reviewing waiver of appellate rights); see also United States v. Cockerham, 237 F.3d 1179, 1182-83 (10th Cir. 2001) (holding that the enforceability of an appellate waiver is analyzed under the same standard as the enforceability of a collateral attack waiver). The first prong, scope of the waiver, requires the court to strictly construe ambiguities in favor of the defendant's rights. Hahn, 359 F.3d at 1325. Signing a broad waiver of collateral attack rights in a plea agreement meets this standard. Id. at 1328. The second prong, knowingly and voluntarily waiving the right to collaterally attack a conviction other than for ineffective assistance of counsel, requires the court to look at two factors: the language in the plea agreement and an adequate plea colloquy. Id. at 1325; see also Morrison, 415 F. App'x at 863. The third prong, miscarriage of justice, requires the court to look at four situations: (1) "where the . . . court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." Hahn, 359 F.3d at 1327 (internal quotation omitted).

As to the first prong, defendant signed a broad waiver in the plea agreement of her right to collaterally attack her sentence for reasons other than ineffective assistance of counsel and acknowledged this waiver in the plea colloquy. First, in the plea agreement, she stated that she "waive[d] the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel." Dkt. # 35, at 3. And in the plea colloquy, she responded in the affirmative that she "underst[ood] that [she is] knowingly and voluntarily agreeing to waive the right to collaterally attack [her] conviction and sentence pursuant to 28 U.S.C. § 2255 except for claims of ineffective assistance of counsel." Dkt. # 54, at 22.

As to the second prong, the Court found that defendant had knowingly and voluntarily waived her right to collaterally attack her conviction. The Court found, at the change of plea hearing, that

> based upon defendant's admissions, demeanor and responsive answers to my questions, that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. The plea is therefore accepted and the defendant is now adjudged guilty of Count One of the indictment.

Dkt. # 54, at 37. Defendant also stated in her plea agreement that "[n]o other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement." Dkt. # 35, at 16. Defendant told the Court that she had a learning disability, but that she would advise the Court if asked a question that she did not understand. Dkt. # 54, at 9. And the Court found that defendant was "alert, intelligent, and certainly seem[ed] to be understanding [the Court's] questions." Id. Defense counsel informed the Court that defendant assisted him in her defense, that she understood the nature of the

proceedings against her, and that she had the ability to waive her right to a jury and to plead guilty. Id. Additionally, defense counsel opined that defendant was "competent to proceed in this matter." Id. at 9-10. Based on its colloquy with defendant, the Court found that "defendant is alert, clear, responding appropriately to [the Court's] questions, and . . . competent to plead." Id. at 12. Defendant affirmed that she understood that her sentence would be twenty years, and that this number was "in the mid range of the anticipated guideline sentence." Id. at 34.

As to the third prong, the Court finds that enforcing the waiver would not result in a miscarriage of justice. The Court did not rely on any impermissible factors, such as race, in sentencing defendant. Defendant received a sentence ten years below the statutory maximum. Dkt. # 35, at 12. There is also no indication that defense counsel acted improperly in negotiating the waiver. Defendant represented both in the plea agreement and in the change of plea hearing that she was satisfied with defense counsel's representation. In the plea agreement, she signed a statement that she was "satisfied with the representation of [her] attorney in this matter." Dkt. # 35, at 16. Defendant "expressly acknowledge[d] that counsel ha[d] explained her appellate and post-conviction rights; that [she] underst[ood] those rights; and that [she] knowingly and voluntarily waive[d] those rights." Id. at 3. In the plea colloquy, defendant acknowledged that defense counsel had explained her appellate and post-conviction rights to her. Dkt. # 54, at 22. Defense counsel discussed with defendant the role of aggravating facts or sentencing factors that could have enhanced her sentence. Id. at 24. And defendant had the opportunity to discuss with defense counsel the pre-sentence report and file objections to it prior to sentencing. Id. at 38. For all of the reasons just discussed, the Court finds that defendant's waiver of her right to collaterally attack her conviction and sentence for claims

8

other than ineffective assistance of counsel is valid. Therefore, claims two through four are waived and should be dismissed.[2]

**ii.**

Defendant's only claim not covered by the waiver is her first, that defense counsel coerced her into pleading guilty. Dkt. # 48, at 4. Defendant claims that defense counsel "scared [her] into signing [the] plea, failed to provide [an] adequate defense, . . . failed to investigate, [and] failed to provide nor [sic] review discovery/evidence to [defendant]." Id. The Court broadly construes this to be a claim of ineffective assistance of counsel.

To establish ineffective assistance of counsel, a defendant must show that her counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that counsel's deficient performance prejudiced the defendant to the

---

[2] In addition, because defendant did not appeal and raise these claims on direct appeal, they are procedurally barred. United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994).

extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

Defendant fails to meet either prong of the Strickland test for ineffective assistance of counsel. Under the performance prong, defense counsel acted as a reasonable attorney when he negotiated a sentence for defendant ten years below the advisory guideline range. Dkt. # 35, at 12. Defendant faced a statutory sentencing range of not less than fifteen years and not more than thirty years. PSR, at ¶ 40. Because the offense involved a child under the age of twelve, commission of a sexual act, and because defendant was a parent of the victim, knowingly distributing images of child pornography using a smart phone while engaging in a "pattern of activity involving prohibited sexual conduct" would have caused defendant to face an advisory guideline range of thirty years. Id. at ¶¶ 12-25, 41. By negotiating a Rule 11(c)(i)(C) sentence of twenty years, defense counsel acted reasonably. For these reasons, defendant was also not prejudiced by defense counsel's conduct. Defendant's ineffective assistance of counsel claim is rejected.

**III.**

The Court has reviewed defendant's § 2255 motion and can find no other claims that could reasonably be construed as challenges to the validity of her guilty plea or the validity of the appellate and post-conviction waiver. Defendant requests an evidentiary hearing on her § 2255 motion, but she has not asserted a colorable claim for relief. Thus, the record conclusively shows that defendant is entitled to no relief and the Court is not required to hold an evidentiary hearing before denying defendant's § 2255 motion. United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988).

The Court will consider whether a certificate of appealability should issue as to defendant's § 2255 motion (Dkt. # 48). Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue as defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 48) is **denied** as to claim one, and **dismissed** as to claims two through four. A certificate of appealability is not issued. A separate judgment is entered herewith.

**DATED** this 13th day of September, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE