UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-CR-0106-002-CVE |
| ) | (19-CV-0094-CVE-JFJ) |
| KRISTINA JEAN KOEHN, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is defendant's motion for certificate of appealability (Dkt. # 61).

The facts of this case are contained in the Court's September 13, 2019 opinion and order (Dkt. # 58). As relevant here: on October 2, 2017, a grand jury returned a sealed indictment charging defendant with conspiracy to engage in sexually explicit conduct with a minor (count one), knowingly distributing visual depictions of a minor engaging in sexually explicit conduct (count two), and knowingly possessing and accessing, with intent to view, visual depictions of a minor engaging in sexually explicit conduct (count four). Dkt. # 2. On November 15, 2017, defendant entered into a plea agreement with the United States in which defendant pled guilty to count one of the indictment. Dkt. # 35. In that agreement, and at defendant's hearing, defendant was advised of the charges against her, and admitted that she understood the count to which she was pleading guilty. Id. at 27-28. The plea agreement contained an appellate and post-conviction waiver, wherein defendant agreed to knowingly and voluntarily waive the right to "collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel." Dkt. # 35, at 3. Defendant acknowledged that she was waiving her right to collaterally attack her

conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel.  Id. at 22.

On February 19, 2019, defendant filed a motion, pro se, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 48).  In the motion, defendant asserted four claims: (i) defense counsel coerced defendant to plead guilty, thus providing ineffective assistance of counsel (id. at 4); (ii) the Court gave disparate sentences between defendant and her co-conspirator (id. at 5); (iii) plaintiff failed to prove the intent necessary for conspiracy (id. at 6); and (iv) plaintiff was aware of defendant's mental issues, but proceeded to convict defendant anyway (id. at 8).

On March 2019, the Court issued an order finding defendant's second, third, and fourth claims were barred because the plea agreement waiver of collateral attack under § 2255, for claims other than ineffective assistance of counsel, was valid.  Dkt. # 58, at 6-9.  As a result, the Court dismissed those claims.  The Court found that the only claim not covered by the waiver was her first claim, in which she alleged that defense counsel coerced her into pleading guilty.  The Court denied that claim, stating defendant failed to establish ineffective assistance of counsel.  Id. at 9-10.

The Court then considered whether a certificate of appealability should issue as to defendant's § 2255 motion.  Id. at 11.  The Court found that "[a]fter considering the record in this case, . . . a certificate of appealability should not issue as defendant has not made a substantial showing of the denial of a constitutional right.  The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently."  Id.

On March 5, 2021, defendant sought leave in the Tenth Circuit to appeal the district court's September 13, 2019 order denying her § 2255 motion and the September 13, 2019 final judgment. Dkt. # 64, at 1.  The Tenth Circuit dismissed the untimely appeal for lack of jurisdiction.  Id. at 1-2.

Accordingly, as this Court has already determined that certificate of appealability should not issue and the Tenth Circuit finds that it does not have jurisdiction to entertain defendant's appeal of that issue, this Court now finds that the motion for certificate of appealability pending before this Court (Dkt. # 61) is moot.

**IT IS THEREFORE ORDERED** that defendant's motion for certificate of appealability (Dkt. # 61) is **moot**.

**DATED** this 19th day of March, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE