**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Case No. 17-CR-0106-002- CVE** |
| | ) | **(19-CV-0094-CVE-JFJ)** |
| **KRISTINA JEAN KOEHN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is defendant Kristina Koehn's motion to "withdraw a guilty plea" (Dkt. # 77), which the Court is treating as a second or successive motion under 28 U.S.C. § 2255, to vacate, set aside, or correct conviction and sentence (Dkt. # 78).[1] Defendant, a federal prisoner appearing pro se, moves to withdraw her guilty plea because she claims that she was deliberately misled by her attorney and that her entry of a guilty plea was the result of confusion and a lack of legal advice. Dkt. # 77, at 2.

Defendant previously filed a § 2255 motion in 2019 (Dkt. # 48).[2] Therein, she argued that she received ineffective assistance of counsel prior to entering into a plea agreement in this case (Dkt. ## 35, 36), as defense counsel coerced defendant into pleading guilty, defendant received a disparate sentence from her coconspirator, plaintiff failed to prove that defendant had the necessary mens rea at the time of the offense, and plaintiff moved to convict defendant despite defendant's

---

[1]    Pursuant to Federal Rule of Criminal Procedure Rule 11(e), following entry of a guilty plea, "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Defendant did not file a direct appeal.

[2]    The Court has described the procedural history and facts of this case in two previous opinions and orders (Dkt. # 58; Dkt. # 65) and does not repeat them here.

mental infirmity.  Dkt. # 48, at 4-6, 8.  The Court denied defendant's motion, dismissing the latter three claims because, in defendant's plea agreement, she validly "waive[d] the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel."  Dkt. # 58, at 5 (quoting Dkt. # 35, at 3) (alteration in original).  The Court also dismissed defendant's first claim of ineffective assistance of counsel, as defendant failed to show that her counsel's performance was deficient and prejudicial under the standard established in Strickland v. Washington, 466 U.S. 668 (1984).  Id. at 9-10.  The Court entered judgment accordingly, denying defendant's motion (Dkt. # 59), and defendant appealed the Court's order (Dkt. # 60); however, the Tenth Circuit dismissed defendant's appeal of the Court's order as untimely (Dkt. # 64).

In 2021, defendant filed a motion to file a second or successive motion under § 2255 challenging her conviction.  Dkt. # 66. The Tenth Circuit denied defendant's motion for failure to identify any "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [her] guilty."  Dkt. # 69, at 1-2 (quoting § 2255(h)(1)).  Defendant then filed a motion for reduction of sentence (Dkt. # 70), which the Court denied on the ground that defendant had not met the first step of the three-step test adopted by the Tenth Circuit in United States v. Maumau, 994 F.3d 821 (10th Cir. 2021), such that defendant did not established that "extraordinary and compelling reasons" existed to warrant a sentence reduction (Dkt. # 74).

Before the Court is defendant's new motion challenging her conviction.  Dkt. # 77.  Under § 2255(h), this Court is without jurisdiction to hear a second or successive § 2255 motion without leave from the Tenth Circuit.  See also United States v. Torres, 282 F.3d 1241, 1246 (10th Cir.

2002).  Although a district court may lack jurisdiction to hear a second or successive § 2255 motion, a "district court may transfer the matter to [the Tenth Circuit] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction."  In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008); see also Trujillo v. Williams, 465 F.3d 12010, 1223 n.16 (10th Cir. 2006).  Courts examining whether a transfer is "in the interest of justice" examine such factors as "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction."  In re Cline, 531 F.4d at 1251 (citing Trujillo, 465 F.3d at 1223 n.16).  The Tenth Circuit has found that a district court does not abuse its discretion in concluding that it is not in the interest of justice to transfer a second or successive § 2255 motion to the Tenth Circuit for authorization if there is "no risk that a meritorious successive claim will be lost absent a § 1631 transfer."  Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)).  The Court finds that there is no risk that a meritorious claim will be lost if it does not transfer defendant's § 2255 motion to the Tenth Circuit. Defendant has raised substantially similar issues in her previous § 2255 motion regarding ineffective assistance of counsel.  Dkt. # 48.  As the Tenth Circuit noted, defendant has failed to identify any newly discovered evidence that would establish that no reasonable factfinder would have found her guilty.  Dkt. # 69.  Barring such a showing—and in light of the fact that defendant has raised no argument on the other ground on which transfer may be determined appropriate, under § 2255(h)(2)—defendant has no path to prevail on her motion for review under § 2255(h).

Although the Court finds that it lacks jurisdiction to hear defendant's § 2255 motion and need not transfer defendant's motion to the Tenth Circuit, the Court must also consider whether it should

issue a certificate of appealability (COA) that would allow defendant to appeal a final order. See United States v. Harper, 545 F.3d 1230, 1233 (10th Cir. 2008). 28 U.S.C. § 2253(c)(1) mandates that a defendant obtain a COA before she may appeal a final order in a proceeding under § 2255. Under § 2255(c)(2) and (3), a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right" and the applicant indicates which specific issue or issues satisfy that showing. The Supreme Court has interpreted "a substantial showing of the denial of a constitutional right" to mean that a court may issue a COA if the applicant demonstrates that the issues raised are debatable among reasonable jurists, that the issues might be resolved differently in another court, or that the issues are "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (quoting Barefoot v. Estelle, 463 U.S. 880, 894 (1983)). The Court finds that defendant has failed to make any of the showings necessary for a COA to be issued. Defendant's arguments as to ineffective assistance of counsel are not debatable among jurists, might not be resolved differently elsewhere, and are not adequate to deserve encouragement to proceed further. Defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct conviction and sentence pursuant to § 2255 (Dkt. # 77) is **dismissed for lack of jurisdiction**. A separate entry of judgment is entered herewith.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**DATED** this 31st day of March, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE